C. E. DEMING, como cesionario de NATIONAL SURETY COMPANY, demandante y apelado, *v.* MARCIAL SUÁREZ SUÁREZ, demandado y apelante.

Núm. 7236.—*Sometido:* Enero 27, 1936. *Resuelto:* Julio 14, 1936.

*C. Coll Cuchí,* abogado del apelante; *Besosa & Besosa,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Según se desprende de la demanda C. E. Deming era el cesionario de la National Surety Corporation y la National Surety Corporation era la cesionaria de la National Surety Company, siendo todas ellas entidades distintas. Marcial Suárez y Suárez, según la referida demanda, adeudaba a la National Surety Company, la suma de $800 por concepto de primas sobre una fianza prestada por ella al referido Suárez,

y ésta es precisamente la obligación que fué sucesivamente transferida y que luego se hizo objeto de este litigio. El demandado fué notificado del emplazamiento y no contestó, y a instancias del demandante C. E. Deming el secretario de la Corte de Distrito de San Juan dictó sentencia en rebeldía por la suma de $800 más intereses, gastos y costas. Esta sentencia estaba fechada octubre 9, 1935.

El 7 de noviembre de 1935 el demandado radicó una moción solicitando la apertura de la rebeldía, fundándose en varias razones que allí se aducían y que no es necesario considerar, y por otros motivos que figuraban en la contestación jurada acompañada a la moción. Esta contestación admitía específicamente el otorgamiento de una fianza por la National Surety Co. a favor de Suárez, pero alegaba que la misma lo fué en su carácter de administrador de la sucesión de Herminio Suárez. El demandado también admitió que no había pagado las referidas primas y negaba que debiera suma alguna, y más específicamente, "por falta de información", que la National Surety Company hubiera transferido el crédito a la National Surety Corporation o que esta última lo hubiera traspasado a C. E. Deming.

En 29 de noviembre de 1935 la Corte de Distrito de San Juan, "con vista de la evidencia presentada por el demandante, y de la contestación del demandado", declaró sin lugar la moción por ser enteramente frívola. El demandado presentó una moción de reconsideración que fué denegada el 17 de diciembre del mismo año. Se apeló nominalmente tanto de la resolución de noviembre 29 que se negó a abrir la rebeldía como de la orden de diciembre 17 declarando sin lugar la reconsideración. Se trata ahora de una moción para desestimar el recurso por frívolo.

Varias cosas han sido sugeridas por el apelante que no creemos necesario considerarlas, pues creemos en resumen que se admite, o por lo menos ésa es nuestra opinión, que el secretario de la Corte de Distrito de San Juan estuvo plena-

mente justificado al dictar sentencia en rebeldía y que los procedimientos, de su faz, justificaban tal sentencia.

Quizá si tuviéramos ante nos un caso de sentencia sobre las alegaciones luego de haberse contestado, podríamos tener algunas dudas. La mayor parte de la demanda fué admitida y la única cuestión seria planteada en la contestación se refería a las dos cesiones mencionadas en la demanda. Lo que la contestación decía a este respecto fué: "El demandado, por falta de información, niega los hechos relacionados en el párrafo octavo de la demanda;..." Estamos dispuestos a resolver que esta contestación era insuficiente, mas no es necesario que basemos nuestra decisión en este solo motivo. Véase *Nelson* v. *Murray*, 23 Cal. 338.

 Dado el hecho de haberse registrado sentencia en rebeldía, era necesario que el demandado presentara prueba satisfactoria de que tenía una defensa meritoria. Las defensas suscitadas por la contestación fueron frívolas, toda vez que el demandado era personalmente responsable de la fianza suministrádale, independientemente de la reclamación que hubiera podido tener contra la sucesión de Herminio Suárez. Nada hay en los autos, fuera de la manifestación vaga que aparece en la contestación, que nos convenza de que la obligación de la National Surety Company no fué debidamente traspasada. Las palabras de la contestación "El demandado, por falta de información, niega los hechos relacionados en el párrafo octavo de la demanda; y muy especialmente niega que la National Surety Company vendiera y traspasara a la National Surety Corporation el crédito que se reclama, o que lo vendiera a C. E. Deming, o a cualquier otra persona,..." no suplían el *affidavit* de méritos que haría que la corte inferior o este tribunal dudaran de que C. E. Deming fuera el verdadero poseedor de la obligación.

*Debe desestimarse el recurso por frívolo.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.